Good morning, Your Honors. I'm David Su, counsel for petitioner in this case. Your Honors, this case is about whether the BIA's adverse credibility determination is supported by substantial evidence. The BIA based its adverse credibility determination on two grounds. One, the first one is the BIA found that petitioner's testimony that he has not received any family planning education is implausible because the country condition evidence in your record show that there is a comprehensive family planning program implemented in China. We believe that there is no discrepancy between petitioner's testimony and the country condition evidence in this regard because the country condition evidence does not compel a reading or finding that every villager in each and every small village in China must have received some kind of education regarding family planning. And in the country condition report, it actually reported that the United Nations started educational program, a pilot program in China because there is a lack of public education. So I don't know that anybody is suggesting that there's not family planning in China and that you're not limited to one child and that there are consequences that flow from having two. I think what the court said here, though, that he found him not creditable. And one of the reasons he found him not creditable because he said he didn't know anything about birth control. Didn't know a thing about it until a certain date. Then he talked about something else that was inconsistent with that position. And there were other inconsistencies of that type in the record that the court relied upon saying he was not credible. I don't think the court was saying there's no such thing as family planning in China. Your Honor, I did not say that. My point is, particularly testified, he has never received any education. He did not know any requirement prior to the enforcement of family planning policy upon him and his wife. And the BIA found that implausible. But, you know, he is a villager from a small village, and the country condition report did not say that everybody in China must have been educated about family planning. And I think that's not a discrepancy between his testimony and the country condition report. And also, I believe, even if it is a discrepancy, this is not a discrepancy that goes to the heart of the petitioner's claim. Petitioner claims that because he and his wife violated the family planning policy, they were fined several times, and their property was destructed by the family planning officials, and he was beaten because they failed to pay the fine. Also, importantly, they have received notice to undergo sterilization after the birth of their second child. And these are the claims of the petitioner. And whether he has received any family planning education, or whether he knew about the family planning, has nothing to do with these kind of measures taken against them by the government. So even if there is discrepancy, this is not a basis for an adverse credibility determination. And the second ground for the BIA's adverse credibility determination is, the BIA found that the petitioner's testimony that he was not aware of the family planning policy, yet he applied for the permission to give birth to his first child. But he testified that he did that because other people in the village, his friends and family, applied for the permit. So he went there to apply for a permit. It's not a discrepancy or inconsistency between his statement that he has not received any of that. I don't know if I follow that. He applied for the permit, which would give you permission to have the child. Yes, Your Honor. But are you saying he didn't know he had to have permission to have the child? No. The BIA said if he said he knew nothing about the family planning policy, why he applied for the permit to give birth to their first child. His testimony was he has not received any education, but he applied for the birth permit because other people did that. He just followed. He just did it because other people did it, but he didn't know you really had to do it? Because other people did it, and he thought he must have, he must do it. And he knew he should have done that. And he applied for that. Okay. So I believe these are the only two grounds the BIA found petitioner not credible. And I believe these two grounds are minor, and it does not go to the heart of the petitioner's asylum claim. And also the government in its brief argued that if this court found petitioner credible, this case should be remanded for the immigration judge and the BIA to decide whether petitioner is eligible for asylum. And for the exercising of discretion. We believe if this court found petitioner credible, if his claim that he has been notified by the authorities to undergo sterilization, then he has established a well-founded fear of prosecution. And this court can determine whether, determine the eligibility issue. And this case should be remanded only for exercising of discretion. I will wait the balance of my time. Okay. You reserve it. Thank you, Your Honor. Ms. Maloney. May it please the Court. My name is Sarah Maloney, appearing on behalf of the respondent. This court must deny the petition for review because the agency's denial of asylum is based on substantial evidence. No reasonable fact finder would be compelled to conclude that the board erred in finding that the petitioner failed to present credible, persuasive testimony to meet his burden of proof. First, like the immigration judge, the board reasonably found the petitioner's testimony was- You take on a heavier burden than you have to when you state the rule as you did. I'm sorry? You take on a heavier burden than you have to when you state the rule as you did. We have to be compelled to find on this record the reverse, don't we? You would have to be compelled to find- Yeah, and you said no reasonable fact finder could, well- Could find a reasonable- People of minds could disagree, and we still wouldn't be compelled to find. Isn't that right? Let me restate the substantial evidence standard. The board can choose between reasonable competing inferences based on the facts and circumstances present in the record, and this court must affirm the board's choice amongst those inferences and cannot reverse the board simply because the court would prefer to choose another of those choices. No, you go ahead. Okay. At any rate, first, the board based its adverse credibility finding on two bases. First, the board reasonably found that the petitioner's testimony was implausible in light of the country conditions evidence of record. At page 99, the petitioner testified that he didn't know anything about the country's birth control policies until after his wife gave birth to their first child in April 1997. The experience that the petitioner testified to at this point in his testimony is in direct conflict with the country conditions evidence of record, which provide that the Chinese government stymied population growth by setting family planning rules and implementing them through pervasive education initiatives, including propaganda, economic incentive programs, and coercive shaming pressures. First, the board reasonably concluded that the petitioner, that had the petitioner and his wife registered their marriage in May 1996 when each was 24 years old, that they would have been aware of their country's population control policy well before April 1997. Second, the board reasonably relied on the petitioner's inconsistent testimony. At page 99 of the record, the petitioner testified that he didn't know anything about the country's birth control policies before April 1997. And in contrast, at pages 103 and 104, the petitioner testified that he was aware of the government's birth control policies before April 1997, and that in June 1996, he sought to comply with them by attempting to apply for and actually receiving permission to have his first child. The inconsistencies and the implausibility are material and substantial because the circumstances of the birth of the petitioner's first child, for which the petitioner was allegedly fined and which, in part, he purportedly faces sterilization upon return, is at variance during the course of the petitioner's entire testimony. And if we were to uphold or say we could not reject the IJ's finding that he was incredible, his claim fails. Is that correct? Without credible persuasive testimony, the petitioner cannot meet his burden of proof for asylum. Do you have anything else to say? No. No questions? Thank you. Thank you, counsel. Mr. Wang, anything to respond? I have nothing to add. Thank you. I'm sorry, Mr. Sue. I had to call you Mr. Wang. Mr. Sue, thank you. I thank both counsel, the argument. And the Court will take a brief break. Thank you.
judges: Thompson, Tashima, Bybee